IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NATHAN TILLMAN, AIS # 171116, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:11cv284-TMH |
| ) | (WO) |
| TONY PATTERSON, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**INTRODUCTION**

This case is now before the court on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Nathan Tillman ("Tillman"), a state inmate, on March 31, 2011.[1] After a jury trial, Tillman was convicted of felony murder by the Circuit Court of Montgomery County, Alabama. On September 17, 2003, the trial court sentenced Tillman as a habitual felony offender to life imprisonment without parole. The Alabama Court of Criminal Appeals affirmed his conviction on October 22, 2004. Tillman did not fully pursue his direct appeal and failed to seek relief from the Alabama Supreme Court. Because Tillman did not file a petition for writ of certiorari to the Alabama Supreme Court,

---

[1] The law is well settled that, under the "mailbox rule," a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). The documents filed by Tillman indicate that he signed the documents on March 31, 2011. Consequently, the court concludes that he submitted the petition and accompanying documents for mailing on March 31, 2011. (Doc. # 1 at 14, 15 & 25). In light of the foregoing and for purposes of the proceeding herein, the court deems March 31, 2011, as the date of filing.

his conviction became final by operation of law when the Alabama Court of Criminal Appeals issued the certificate of judgment on November 10, 2004.

In this petition, Tillman alleges that his constitutional rights were violated because the trial court erroneously denied his motion for judgment of acquittal and denied him a fair trial by refusing to give two requested jury charges. He also alleges that the state prosecutor improperly commented on his failure to testify. Finally, he contends that his trial counsel rendered constitutionally ineffective assistance of counsel by failing to adequately conduct a pretrial investigation; failing to present an alibi defense; and failing to call an impeachment witness during trial. Tillman also contends that counsel was ineffective by requesting a delayed ruling on a motion for mistrial.

Pursuant to the orders of this court, the respondents filed an answer (doc. # 10) in which they argue that Tillman's petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[2] The respondents contend that because Tillman's felony murder conviction became final in November of 2004 – after the effective date of the federal statute of limitations – Tillman must have filed his § 2254 petition within one year of this conviction becoming final, exclusive of the time that **any properly** filed state post-conviction petition related to the conviction remained pending in state court. The respondents acknowledge that Tillman filed a state post-

---

[2] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). This Act became effective on April 24, 1996.

2

conviction petition challenging his murder conviction on October 12, 2006.[3] However, they argue that this Rule 32 petition failed to toll the one-year period of limitation because it was not filed within the limitation period required by state law, and therefore, was not "properly filed" for the purpose of tolling the federal limitation period. *See* 28 U.S.C. § 2244(d)(2). *See also Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("For purposes of determining what are 'filing' conditions, there is an obvious distinction between time limits, which go to the very initiation of a petition and a court's ability to consider that petition, and the type of 'rule of decision' procedural bars at issue in *Artuz* [*v. Bennett*, 531 U.S. 4 (2000)], which go to the ability to obtain relief. . . . [I]t must be the case that a petition that cannot even be initiated or considered due to the failure to include a timely claim is not 'properly filed.' . . . For these reasons, we hold that time limits, no matter their form, are 'filing' conditions. Because the state court rejected petitioner's [state post-conviction] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling [of the limitation period] under § 2244(d)(2)."); *Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1317 (11th Cir.

---

[3] The record establishes that Tillman initially submitted his Rule 32 petition to the Circuit Court of Montgomery County, Alabama for filing on October 12, 2006. The court returned the petition to Tillman for corrections. A second attempt to file the petition was rejected due to the lack of an *in forma pauperis* application or submission of the filing fee. The petition was thereafter accepted and filed by the trial court on August 6, 2007. As previously noted, a pro se inmate's petition is deemed filed in federal cases the date it is delivered to prison officials for mailing. *Houston*, 487 U.S. at 271-272. "Alabama courts have [adopted the mailbox rule and] held that a pro se incarcerated petitioner/appellant is considered to have 'filed' a Rule 32 petition, a notice of appeal, or a petition for a writ of certiorari when those documents are given to prison officials for mailing." *Ex parte Allen*, 825 So.2d 271, 272 (Ala. 2002); *Holland v. State*, 621 So.2d 373, 375 (Ala. Crim. App. 1993) ("[A] pro se incarcerated petitioner 'files' a Rule 32 petition when he hands the petition over to prison authorities for mailing."). Consequently, the prison mailbox rule applies to pro se Rule 32 petitions filed in the state courts of Alabama. Thus, the court considers October 12, 2006 as the date of filing for the Rule 32 petition as the earliest possible date for filing for the Rule 32 petition.

2006) (untimely collateral motion deemed "not 'properly filed' under § 2244(d), and it could not toll the federal one-year period of limitation.")

Tillman concedes that his 2254 petition was filed beyond the one-year limitation period. *See* Doc. # 16 at 2. However, Tillman asserts that he is entitled to equitable tolling of the federal limitation period, and newly discovered evidence demonstrates that he is actually innocent of the crime of which he was convicted. *Id*.

Upon review of the pleadings and evidentiary material filed in this case and the law of this Circuit, the court concludes that no evidentiary hearing is required and that Tillman's federal habeas petition is due to be denied for the reasons which follow.

## DISCUSSION

**A. Limitation Period**. Tillman's federal habeas petition was filed in this court on March 31, 2011, and is precluded from review because Tillman filed this petition outside § 2244(d)(1)'s requisite one-year period of limitation. 28 U.S.C. § 2244(d)(1) directs that the limitation period for filing a § 2254 petition begins to run on the date when the time for seeking direct review of a challenged judgment expires.

Tillman was convicted of felony murder in the Circuit Court of Montgomery County, Alabama on August 20, 2003. He was sentenced on September 17, 2003, to life imprisonment without parole. Tillman filed a direct appeal with the Alabama Court of Criminal Appeals which affirmed his conviction on October 22, 2004. *See Tillman v. State*, 923 So. 2d 347 (Ala. Cr. App. 2004) (Table) (CR-03-0018). Because Tillman did

4

not file a petition for writ of certiorari to the Alabama Supreme Court, the Alabama Court of Criminal Appeals issued the certificate of judgment on November 10, 2004. Tillman did not further appeal his conviction.

By operation of law, Tillman's conviction became final upon the expiration of the time for filing an application for rehearing with the Alabama Court of Criminal Appeals – fourteen days from the issuance of the memorandum opinion. ALABAMA RULES OF APPELLATE PROCEDURE Rule 40(c). Thus, Tillman's felony murder conviction became final, at the latest, on November 10, 2004 – the date on which the Alabama Court of Criminal Appeals issued the certificate of judgment. The one-year limitation period contained in section 2244(d)(1)(A) began to run on November 11, 2004.[4] Absent statutory or equitable tolling, the federal limitation period expired on November 11, 2005.

**B. Equitable Tolling**. Tillman argues that he is entitled to equitable tolling from October 22, 2004 until August 18, 2006 because he was not notified by his attorney that the Alabama Court of Criminal Appeals had affirmed his conviction.[5] (Doc. # 16 at 5, ¶

---

[4] In computing the federal period of limitation, the court "exclude[s] the day of the event that triggers the period[.]" FED.R.CIV.P. 6(a)(1)(A).

[5] Tillman initially argued in his petition that he was entitled to equitable tolling during the time he was incarcerated in federal custody. According to Tillman, he was immediately returned to federal custody after sentencing in September 2003, and he was unable to file anything because he lacked access to state laws and rules. The respondents assert that Tillman was housed at the Montgomery County Jail from his sentencing on September 17, 2003 until January 5, 2006. (Doc. # 12 at 3, ¶ 4). The court concludes that the date on which Tillman was returned to federal custody is not material because the court concludes that being in federal custody is not an extraordinary circumstance warranting tolling.

The record establishes that merely being in federal custody was not an extraordinary circumstance that prevented him from filing a timely federal petition for habeas corpus relief. Assuming Tillman is correct that he was remanded into federal custody in 2003, the record reflects that he was able to file a Rule 32 petition while in federal custody. Other than his own conclusory statement that he was unable to file, Tillman presents

14).

Even if the court determined that Tillman was entitled to equitable tolling from October 22, 2004 until August 18, 2006 because his attorney did not notify him that the Alabama Court of Criminal Appeals had affirmed his conviction,[6] he is still not entitled to relief because the present 2254 motion was filed over five (5) years *after* the expiration of the limitation period. Tillman filed his federal habeas corpus petition in this court on March 31, 2011. Under these circumstances, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) clearly expired well before Tillman filed the instant § 2254 petition.

Tillman, however, contends that he is also entitled to equitable tolling from September 19, 2008 until January 2011 because he was not notified that the Alabama Court of Criminal Appeals had affirmed the denial of his Rule 32 petition. (Doc. # 16 at 5, ¶ 15). The limitation period "may be equitably tolled" if the petitioner can demonstrate that his late filing was the result of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). *See also, Rich v. Dep't of Corrs. State of Fla*, 317 Fed. Appx. 881, 882 (11th Cir.

---

nothing which demonstrates he was unable to file his 2254 petition because he was in federal custody. Thus, contrary to the argument presented in the petition, Tillman is not entitled to equitable tolling of the limitation period during his confinement in federal custody.

[6] The court has serious doubts about whether equitable tolling would even apply in this case. *See Scott v. Duffy*, 372 Fed. Appx. 61, 63 (11th Cir. 2010) (attorney's failure to inform the petitioner of the status of his appeal does not constitute egregious attorney misconduct sufficient to warrant equitable tolling); *Stewart v. Sec'y, Fla. Dep't of Corrs.,* 355 Fed. Appx. 275, 280 (11th Cir. 2009) ("equitable tolling should not apply when an attorney misadvised his client."). However, out of an abundance of caution, and giving the petitioner every benefit, the court concludes that, even if equitable tolling was applied from October 22, 2004 until August 18, 2006, Tillman's petition is still untimely.

2008); *Steed v. Head*, 219 F.3d 1298 (11th Cir. 2000). Such tolling applies only in truly extraordinary circumstances. *Jones v. United States*, 304 F.3d 1035, 1039-1040 (11th Cir. 2002); *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew*, 297 F.3d at 1286. *See also San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011); *Rich*, 317 Fed. Appx. at 882; *Helton v. Sec'y for the Dept. of Corr.*, 259 F.3d 1310, 1313-1314 (11th Cir. 2001). There is nothing before the court which demonstrates the presence of "extraordinary circumstances" to warrant an "equitable tolling" of the limitation period.

In his petition, Tillman appears to argue that he is entitled to equitable tolling because he did not have counsel to represent him. (Doc. # 1 at 5). To the extent Tillman contends equitable tolling is warranted because of his lack of legal knowledge as a pro se litigant, he is entitled to no relief from this court. The law is well settled that an inmate's lack of legal knowledge, his failure to understand legal principles and/or the inability to recognize potential claims for relief at an earlier juncture do not constitute extraordinary circumstances sufficient to warrant equitable tolling of the limitation period. *United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004) (*pro se* status and ignorance of the law do not justify equitable tolling); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000) (lack of legal knowledge or legal resources, even in a case involving a *pro se* inmate, does not warrant equitable tolling); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)

(petitioner's *pro se* status and ignorance of the law are insufficient to support equitable tolling of the statute of limitations); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) (ignorance of the law and *pro se* status do not constitute "rare and exceptional" circumstances justifying equitable tolling); *Smith v. McGinnis*, 208 F.3d 13, 17 (2nd Cir. 2000) (petitioner's *pro se* status throughout majority of limitation period does not merit equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (unfamiliarity with the legal process during the applicable filing period did not merit equitable tolling); *Wakefield v. Railroad Retirement Board*, 131 F.3d 967, 969 (11th Cir. 1997) (ignorance of the law "is not a factor that can warrant equitable tolling.").

Next, Tillman argues that he is entitled to equitable tolling because he was not notified by the Alabama Court of Criminal Appeals that the denial of his Rule 32 petition was affirmed. "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418. It is not enough for Tillman to assert that he was not notified by the court of the denial of his appeal. He must also demonstrate due diligence on his part to determine the status of his appeal that led to his late filing. This he has failed to do. The Alabama Court of Criminal Appeals affirmed the denial of Tillman's Rule 32 petition on September 19, 2008. Tillman asserts he wrote to the Clerk of the Court on October 17, 2008 asking for a status on his appeal. *See* Doc. # 16 at 8. Beyond that single letter, Tillman points to no other action he took to determine

the status of his appeal. According to Tillman, he did not find out until January 2011 that the Alabama Court of Criminal Appeals affirmed the denial of his Rule 32 petition "when Tillman's family member contacted a clerk in the Appellate Court and was informed that Tillman's appeal had been denied." (Doc. # 16 at 6).

"[A] lengthy delay between the issuance of a necessary order and an inmate's receipt of it *might* provide a basis for equitable tolling if the petitioner has diligently attempted to ascertain the status of that order. " *Webster v. Sec'y for the Dep't of Corrs.*, 384 Fed. Appx. 979, 982-83 (11th Cir. 2010) *quoting Drew*, 297 F.3d at 1288 (emphasis added). Tillman's single inquiry in October 2008 is simply insufficient to demonstrate diligence on his part. *See Webster*, 384 Fed. Appx. at 983 ("only one inquiry as to the status of his appeal, . . . three years after he filed the notice of appeal . . . did not establish that he acted with due diligence in investigating the status of his appeal."). Tillman's lack of diligence precludes equitable tolling in this case. *See Pace*, 544 U.S. at 419.

The court concludes that Tillman has failed to demonstrate the existence of extraordinary circumstances beyond his control that prevented him from filing a timely petition, and he has not met the heavy burden of showing that he exercised reasonable diligence in prosecuting his claim and in bringing forth his habeas petition. Tillman presents nothing which demonstrates that he acted diligently in pursuing his federal claims. Thus, this court "cannot say that [Tillman] has acted with the conscience, good faith, and reasonable diligence necessary to call into action the powers of the court. This conclusion

is based on the longstanding, firmly rooted principle that a court cannot grant equitable tolling unless it is satisfied that the party seeking such relief has acted with diligence." *Drew*, 297 F.3d at 1291 n.5 (internal quotations omitted). Consequently, the court concludes that Tillman is not entitled to equitable tolling of the limitation period as he has shown neither extraordinary circumstances nor the diligence necessary to toll the statute. *See Sandvik*, 177 F.3d at 1271. Under the circumstances of this case, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) clearly expired[7] before Tillman filed the instant § 2254 petition.

**C. Actual Innocence.** On June 13, 2011, the court ordered Tillman to show cause why his petition should not be dismissed pursuant to 28 U.S.C. § 2244(d) for his failure to file within the applicable one-year limitation period. In response to the court's order, Tillman argues that he is actually innocent of the charge of which he was convicted. (Doc. # 13 at 5). Tillman's actual innocence argument in its entirety is as follows:

> Further, Tillman argues that he is actually innocent of the felony murder charge, and such should override any bar.

---

[7] When the limitation period is tolled from October 22, 2004 until August 18, 2006, the one year limitation period began to run on August 19, 2006 and ran until Tillman filed his Rule 32 petition on October 12, 2006. At that time, 54 days of the limitation period had elapsed between the date his conviction became final and the filing of his Rule 32 petition in the Circuit Court of Montgomery County. Upon the filing of his Rule 32 petition, the limitation period was tolled while the petition remained pending in the state courts. Tillman's Rule 32 petition remained pending in the state courts until September 19, 2008. By operation of law, Tillman's conviction became final upon the expiration of the time for filing an application for rehearing with the Alabama Court of Criminal Appeals on October 3, 2008. At that time, Tillman had 311 days remaining in the limitation period within which to file his federal habeas petition. The time allowed for Tillman to file a federal habeas petition expired on August 11, 2009. Tillman filed the instant habeas corpus petition on March 31, 2011. Under these circumstances, the one-year limitation period of 28 U.S.C. § 2244(d)(1) clearly expired before Tillman filed his § 2254 petition.

> Specifically, in this case, petitioner presented new evidence of witnesses, who establishes Tillman's actual innocence of the crime upon whic (sic) he stands convicted[.] Tillman requested that his attorney during trial call these witnesses to the witness stand, which would have provided impeachment evidence of the State's key witness, and provided an Alibi that Tillman was in another State at the time of the incident. (See Respondent's Exhibit E, C.R. 9, 17, 34-38). Tillman argues had the jury heard this new evidence, there's a reasonable probability Tillman would not have been convicted of the offense. House v. Bell, and Schlup v. Delo, Supra. Federal Courts have held that colorable claims of actual innocence, like Tillman's, should override any bar. See e.g. Lisker v. Knowles, 463 F.Supp.2d 1008, 1032-38 (C.D. Cal. 2006); Larsen v. Adams, 642 F.Supp.2d 1124, 1131 (C.D. Cal. 2009); O'Neal v. Lampert, 199 F.Supp.2d 1064, 1066 (D. Or. 2002).

(Doc. # 16 at 7, ¶ 21).

His argument is unavailing because to succeed, Tillman "must first make a sufficient showing of actual innocence." *Scott v. Duffy*, 372 Fed. Appx. 61, 64 (11th Cir. 2010).

> To successfully plead actual innocence, a petitioner must show that his conviction resulted from "a constitutional violation." *Schlup v. Delo,* 513 U.S. 298, 327, 115 S.Ct. 851, 867, 130 L.Ed.2d 808 (1995). To do so, he must demonstrate "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 327, 115 S.Ct. at 867; *Arthur* [*v. Allen*], 452 F.3d [1234], []1245 [(11th Cir. 2006)]. The petitioner must raise "sufficient doubt about [his] guilt to undermine confidence in the result of the trial." *Arthur*, 452 F.3d at 1245 (quotations and citation omitted). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 282 (1998).

*Johnson v. Fla. Dep't of Corr.*, 513 F.3d 1328, 1334 (11th Cir. 2008).

Actual innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are

11

barred. *Schlup v. Delo*, 513 U.S. 298, 315 (1995). "To establish actual innocence, [a habeas petitioner] must demonstrate that ... 'it is more likely than not that no reasonable juror would have convicted him.' *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." *Bousley v. United States*, 523 U.S. 614, 623 (1998). "[T]he *Schlup* standard is demanding and permits review only in the '"extraordinary"' case." *House v. Bell*, 547 U.S. 518, 538 (2006). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)." *Bousley*, 523 U.S. at 623-624; *Doe v. Menefee*, 391 F.3d 147, 162 (2nd Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence."). *Schlup* observes that

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with ***new reliable evidence*** -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324 (emphasis added).

Tillman has failed to make the requisite showing of actual innocence as he has presented no "new reliable evidence" nor do his allegations suggest that any such evidence exists which could satisfy the stringent standard set forth in *Schlup*. He has not submitted

12

any 'new' evidence to support of his claim of innocence.[8]  In his petition, he asserts that his evidence of actual innocence consists of alibi witnesses and an impeachment witness.  *See* Doc. # 1 at 21 & 24.  He contends that he asked his counsel to present alibi witnesses, and to call witness Denico Nettles to impeach the testimony of Willie Lee Powell.  By his own admission, his alibi evidence and the impeachment witnesses were available at trial.  Tillman's alibi appears to be that he was in Atlanta on the date of the shooting.[9]  Certainly Tillman knew before trial whether he was in another state on the date of the alleged robbery and subsequent shooting of Mack.  Furthermore, while Tillman does not detail how Nettles' testimony would impeach Powell, a review of the record demonstrates that counsel effectively attacked Powell's testimony.  For example, counsel demonstrated that although Powell was initially charged with three felonies with respect to the shooting, he subsequently pleaded guilty to a misdemeanor.  *See* Doc. # 24, Ex. 3, Tr. Transcript at 147-49).

Moreover, the evidence at trial showed that Tillman, with three others, attempted to

---

[8] Attached to his Rule 32 petition filed in state court are the declarations of Samethia Rhodes, Hazel Rhodes, Tammika Tillman and petitioner Nathan Tillman.  *See* Doc. # 10-5 at 36-38.  Tillman appears to rely on these four declarations to establish that he was in Atlanta, Georgia on the day of the shooting death of Jermon Mack.  Tillman did not submit these declarations in support of his habeas petition or in response to the court's order.  Rather, the declarations are part of the state court proceedings and are attached as exhibits to the Respondents' answer.  *See* Doc. # 10.  The declarations were signed on September 27, 2006, four years after the shooting and three years after Tillman's trial.  Tillman offers no explanation as to why these declarations were not presented earlier.

In addition, the court considers "how the timing of the [evidentiary] submission and the likely credibility of the affiants bear on the probable reliability of that evidence."  *Rozzelle v. Sec'y, Fla. Dep't of Corrs.*, 672 F.3d 1000, 1017 (11th Cir. 2012).

[9] *See* fn. 8, *supra*.

rob a known drug dealer when a gun fight broke out. *See* Doc. # 24, Ex. 3, Trial Transcript at 117, 119, 125-26, 127, 137, 150, 277, 279, 281, 298). Tillman's defense was that while he was present, he was not armed, he did not shoot Jermon Mack, the victim, and he did not participate in the robbery. Witnesses Willie Lee Powell and Renardo Ford identified Tillman. Powell testified that he saw Tillman with an AK 47 rifle and he saw Tillman fire the weapon. (*Id*. at 125-26, 127, 137, 150). Ford testified that Tillman left with the victim to rob the drug dealer. (*Id*. at 281). The evidence presented at trial provided a sufficient basis for a reasonable juror to conclude that Tillman participated in the robbery and was guilty of felony murder when the victim was shot as the result of the gun fight.

The court concludes that Tillman has failed to demonstrate by credible, new evidence "so significant and reliable that, . . . it "undermine[s] confidence in the result of the trial" such that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Rozzelle v. Sec'y, Fla. Dep't of Corrs.*, 672 F.3d 1000 1017 (11th Cir. 2012).

> [T]enable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup,* 513 U.S., at 329, 115 S.Ct. 851; see *House,* 547 U.S., at 538, 126 S.Ct. 2064 (emphasizing that the *Schlup* standard is "demanding" and seldom met). And in making an assessment of the kind *Schlup* envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. *Schlup,* 513 U.S., at 332, 115 S.Ct. 851.

*McQuiggin v. Perkins*, — U.S. —, —, 133 S.Ct. 1924, 1928 (2013). Consequently, the

14

court concludes that Tillman's 'actual innocence' claim fails.

Thus, the court finds that the one-year limitation period of 28 U.S.C. § 2244(d)(1) expired well before Tillman filed his federal habeas petition. Because Tillman did not file in this court until March 31, 2011, his petition is time-barred and this court may not address his claims on the merits. The court further concludes that the petitioner has failed to show sufficient cause to excuse his failure to file within the statutory period.

## CONCLUSION

Accordingly, for the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be denied and that this case be dismissed pursuant to 28 U.S.C. § 2244(d). It is further the RECOMMENDATION of the Magistrate Judge that the costs of this proceeding be taxed against the petitioner. It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **January 30, 2014.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the

District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    Done this 16th day of January, 2014.

                                        /s/Charles S. Coody
                                  CHARLES S. COODY
                                  UNITED STATES MAGISTRATE JUDGE